# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br><br> Plaintiff-Judgment Creditor, <br><br> - against - <br><br> THE REPUBLIC OF THE CONGO and CAISSE CONGOLAISE D'AMORTISSEMENT, <br><br> Defendants-Judgment Debtors. | Case No.: 17 Misc. 0175 |

<b><u>RESTRAINING NOTICE</u></b>

TO:  Delaware Trust Company
     1180 Avenue of the Americas, Suite 210
     New York, New York 10036

In the above-entitled action pending in United States District Court for the Southern District of New York (the "Court"), between plaintiff COMMISSIONS IMPORT EXPORT S.A. ("Plaintiff" or the "Judgment Creditor"), and defendants THE REPUBLIC OF THE CONGO (the "Judgment Debtor") and Caisse Congolaise D'Amortissement, being all of the parties to the action, a Judgment was registered on May 26, 2017, in favor of Plaintiff and against the Judgment Debtor, whose last known address is Republic of the Congo, Ministere des Affaires Etrangeres, Blvd. Alfred Raoul, BP 2070, Brazzaville, Republic of the Congo.

A copy of the Judgment is attached. The amount of $190,860,921.50 plus interest at the rate of $1,721.50 per day remains due and owing to the Judgment Creditor.

It appears that you owe a debt to the Judgment Debtor or are in possession or in custody of property in which the Judgment Debtor has an interest, including but not limited to property of the Judgment Debtor held in connection with your role as successor Trustee and/or

successor Paying Agent under the Trust Indenture dated as of November 15, 2007 between The Republic of Congo as Issuer and HSBC Bank USA, N.A. as Trustee with respect to Republic of Congo Fixed Annual Interest Rate Notes due June 30, 2029.

Pursuant to CPLR § 5222(b), as set forth below, you are forbidden to make or permit any sale, assignment, or transfer of, or interference with, or pay over or otherwise dispose of any debt or obligation owed by you to the Judgment Debtor, or any property in which the Judgment Debtor has or may have an interest that may be in your custody or possession to any person other than the sheriff except upon direction of the sheriff or marshal pursuant to an order of the Court, until the Judgment is satisfied or vacated, except as provided in CPLR § 5222(b). Such property of the Judgment Debtor may include any real, personal, tangible, or intangible property in which the Judgment Debtor has any interest, whether inchoate or matured.

This notice also covers all such property in which the Judgment Debtor has an interest that comes into your possession or custody, and any or all debts hereafter coming due from you to the Judgment Debtor after the date of this notice.

Disobedience of this restraining notice is punishable as a contempt of court.

CPLR § 5222(b) provides as follows:

> **Effect of restraint; prohibition of transfer; duration.** A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the

judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: New York, New York
      June 29, 2017

                              MILLER & WRUBEL P.C.

                              By: _____
                                  Charles R. Jacob III
                                  Kerrin T. Klein
                                  570 Lexington Avenue, 25th floor
                                  New York, New York 10022
                                  Telephone: (212) 336-3500
                                  Facsimile: (212) 336-3555

                                  *Attorneys for Plaintiff-Judgment Creditor*
                                  *Commissions Import Export S.A.*

17MISC175

AO 451 (Rev. 01/09; DC 4/10) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| COMMISSIONS IMPORT EXPORT S.A. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 12-cv-00743-RCL |
| REPUBLIC OF THE CONGO et al | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   08/26/2015

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:   05/16/2017

*ANGELA D. CAESAR, CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*



RECEIVED MAY 26 2017 U.S.D.C. S.D., N.Y. CASHIERS

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT, S.A., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:12-CV-000743-RCL |
| THE REPUBLIC OF THE CONGO AND ) | |
| CAISSE CONGOLAISE D'AMORTISSEMENT, ) | |
| ) | |
| *Defendants*. ) | |

[PROPOSED] ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT

In consideration of Plaintiff's Motion to Alter or Amend the Order and Judgment issued in this case on July 31, 2015, and the lack of opposition thereto, it is hereby

**ORDERED** that Plaintiff's Motion to Alter or Amend the Order and Judgment is granted;

**ORDERED** that the Court's Order and Judgment (Dkt. No. 65) be altered or amended as follows, in order to reflect the amounts awarded for Plaintiff and against Defendants in U.S. Dollars as of the date of judgment:

| Category of Monetary Award | Amount Awarded | Exchange Rate | Amount in U.S. Dollars |
|---|---|---|---|
| Principal | €2,855,071 | $1.09743 | $3,133,240.57 |
| Principal | £18,903,708 | $1.56049 | $29,499,047.30 |
| Principal | $31,184,837 | $1.00 | $31,184,837 |
| Principal | CFA 1,731,267,415 | $0.00167 | $2,891,216.58 |
| Penalty interest | €7,163,027 | $1.09743 | $7,860,920.72 |
| Penalty interest | £34,312,232 | $1.56049 | $53,543,894.91 |
| Penalty interest | $56,408,208 | $1.00 | $56,408,208 |
| Penalty interest | CFA 2,899,457,582 | $0.00167 | $4,842,094.16 |
| Arbitration costs | $393,333 | $1.00 | $393,333 |
| Arbitration costs | €22,867 | $1.09743 | $25,094.93 |
| **Total** | | | **$189,781,887.17** |

−1−

**ORDERED** that Plaintiff is entitled to U.S. $189,781,887.17 as of July 31, 2015, plus taxable costs arising out of these proceedings pursuant to Fed. R. Civ. P. 54(d)(1); and it is further

**ORDERED** that post-judgment interest shall be assessed in accordance with 28 U.S.C. § 1961.

Entered this 25th day of August, 2015.

_____
Royce C. Lamberth
U.S.D.J.

**ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

Date Filed: 8-26-2015

ANGELA D. CAESAR, CLERK
By: Michael Darby 5/16/17

ATTORNEYS TO BE NOTICED:

Francis A. Vasquez, Jr.
(D.C. Bar No. 442161)
Nicolle Kownacki
(D.C. Bar No. 1005627)
Attorneys for Plaintiff
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 626-3600
Facsimile: (202) 639-9355
fvasquez@whitecase.com
nkownacki@whitecase.com

Robert A. Schwinger
(D.C. Bar ID # NY0092)
Attorney for Defendants
1301 Avenue of the Americas
New York, NY 10019
(212) 408-5100
rschwinger@chadbourne.com