UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                            :
COMMISSIONS IMPORT EXPORT S.A.,        :    Case No. 14 Misc. 0187

             Plaintiff-Judgment Creditor,    :

               - against -                     :

REPUBLIC OF THE CONGO,                   :

             Defendant-Judgment Debtor.   :

------------------------------------------------------------------- X

**DELAWARE TRUST COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION PURSUANT TO CPLR § 5240 FOR A
PROTECTIVE ORDER VACATING PLAINTIFF'S RESTRAINING NOTICE**

 

**BRYAN CAVE LLP**
Stephanie Wickouski
Howard M. Rogatnick
Laith J. Hamdan
1290 Avenue of the Americas
New York, New York  10104
212-541-2000
*Attorneys for Delaware Trust Company*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND ................................................................................................. 1

ARGUMENT ........................................................................................................................... 3

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

### Cases

*Assocs. Discount Corp. v. Island Fed. Sav. & Loan Ass'n*, 304 N.Y.S.2d 205 (Sup. Ct. 1969) .... 5

*Berkshire Bank v. Tedeschi*, No. 1:11-cv-0767 (LEK/CFH), 2016 WL 1029526 (N.D.N.Y. Mar. 15, 2016) ............................................................................................................................... 1

*Export-Import Bank of the Republic of China v. Grenada*, 768 F.3d 75 (2d Cir. 2014) ................ 5

*Idea Nuova, Inc. v. GM Licensing Group, Inc.*, No. 08-cv-8595(PKC), 2009 WL 3496076 (S.D.N.Y. Oct. 28, 2009) ..................................................................................................... 1

*Kahara Bodas Co., L.L.C. v. Perusahaan Pertambangan Minkyak Dan Gas Bumi Negara*, 313 F.3d 70 (2d Cir. 2002) .......................................................................................................... 4

*Lang v. State*, 258 A.D.2d 165, 171 N.Y.S.2d 3 (1st Dep't 1999) ................................................. 4

*Tage Designs, Inc. v. Grant*, 259 N.Y.S.2d 934 (Sup Ct. 1965) ..................................................... 5

*Verizon New England, Inc. v. Transcom Enhanced Servs., Inc.*, 21 N.Y.3d 66 (2013) ............. 3, 4

### Statutes

CPLR § 5240 ............................................................................................................................. 1, 5, 6

Fed. R. Civ. P. 69 ............................................................................................................................ 1

**PRELIMINARY STATEMENT**

Delaware Trust Company ("Garnishee") submits this memorandum of law in support of its motion pursuant to § 5240 of the New York Civil Practice Law and Rules ("CPLR") for a protective order vacating the restraining notice issued in this miscellaneous proceeding.[1]  After obtaining a money judgment against the Republic of the Congo ("Judgment Debtor"), Commissions Import Export S.A. ("Judgment Creditor") issued to Garnishee a restraining notice in this proceeding (the "Restraining Notice"),[2] on the theory that Garnishee holds property of Judgment Debtor.  However, Garnishee neither owes any debt to Judgment Debtor, nor possesses any property in which Judgment Debtor has an interest and which could be subject to a restraining notice.  Accordingly, the Restraining Notice is invalid and should be vacated.

**FACTUAL BACKGROUND**

On October 9, 2013, Judgment Creditor obtained a money judgment against Judgment Debtor from the United States District Court for the District of Columbia, in the matter captioned *Commissions Import Export S.A. v. Republic of the Congo*, No. 1:13-cv-713-RLW ("Judgment I").  (Affidavit of Alan Halpern ("Halpern Aff.") Ex. B. p. 5.)  Judgment Creditor registered Judgment I in this Court on June 18, 2014, presumably in order to pursue enforcement procedures in this jurisdiction.  (*Id.* at p. 1.)  On August 26, 2015, Judgment Creditor obtained

---

[1] CPLR § 5240 empowers a court to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure[,]" including a restraining notice.  *See, e.g., Idea Nuova, Inc. v. GM Licensing Group, Inc.*, No. 08-cv-8595(PKC), 2009 WL 3496076 (S.D.N.Y. Oct. 28, 2009) ("Under the authority of CPLR § 5240, I will limit the use of CPLR § 5222 restraining notices (assuming arguendo that their use would be lawful in this case) and vacate any notices heretofore served.").  Rule 69 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") "provides that the procedure on the execution of a money judgment 'must accord with the procedure of the state where the court is located.'"  *Berkshire Bank v. Tedeschi*, No. 1:11-cv-0767 (LEK/CFH), 2016 WL 1029526 (N.D.N.Y. Mar. 15, 2016) (quoting Fed. R. Civ. P. 69).

[2] As explained below, Judgment Creditor issued two restraining notices to Garnishee, in aid of enforcing two separate debts against the Judgment Debtor.  Because each restraining notice was issued in a different proceeding, under a different caption and case number, Garnishee moves separately to vacate each.  The defined term "Restraining Notice" refers to the restraining notice issued in this proceeding.

another money judgment against Judgment Debtor from the United States District Court for the District of Columbia, in the matter captioned *Commissions Import Export S.A. v. The Republic of the Congo and Caisse Congolaise D'Amortissement*, No. 1:12-CV-000743-RCL ("Judgment II"). (Halpern Aff. Ex. C p. 6.) Judgment Creditor registered its judgment in this Court on May 26, 2017. (*Id.* at p. 1.)

Garnishee is the successor Trustee and Paying Agent under an indenture dated as of November 15, 2007. (*See* Halpern Aff. ¶ 3, Ex. A., the "Indenture.")[3] Under the Indenture, Judgment Debtor issued a series of U.S. Dollar Notes Due 2029 (the "Notes" or "Securities"). (Halpern Aff. ¶ 4; Indenture.) The terms of the Notes and the Indenture require Judgment Debtor to make periodic payments of principal and interest to Garnishee as the Trustee and Paying Agent under the Indenture. These payments are expressly held in trust for Garnishee[4] and the Holders,[5] to be distributed as provided in the Indenture. (Halpern Aff. ¶ 4; Indenture § 3.1(b).) On June 27, 2017, Garnishee received a total of $21,151,763.30 (the "Funds") from Judgment Debtor, pursuant to the Indenture. (Halpern Aff. ¶ 6.) These Funds consisted of $13,617,015.00 in principal and $7,534,748.30 in interest due on the Notes. (*Id.*)

On June 29, 2017, Garnishee received two restraining notices from Judgment Creditor. (Halpern Aff. ¶¶ 7-9.) One, dated June 28, 2017, was issued pursuant to Judgment I. (Halpern Aff. ¶ 8, Ex. B.)[6] The other, dated June 29, 2017, was issued pursuant to Judgment II. (Halpern

---

[3] Unless otherwise noted, capitalized terms used but not defined herein shall have the meaning given them in the Indenture.

[4] Garnishee is indemnified under the Indenture for the costs it incurs, and has a right to assert a senior claim to payment as against funds it receives under the Indenture. (Indenture 5.6(b).)

[5] "Holder" as defined by the Indenture, means "the Person in whose name a Security is registered in the Register." (Halpern Aff. ¶ 5; Indenture 1.1.) The sole Holder is HSBC Bank PLC. (Halpern Aff. ¶ 5.)

[6] The restraining notice pursuant to Judgement One was originally issued to Law Debenture Trust Company of New York (the "Law Debenture Restraining Notice"). (Halpern Aff. ¶ 11, Ex. E.) The Law Debenture Restraining

Aff. ¶ 9, Ex. C.)  The Funds were scheduled to be paid to the Holder on June 30, 2017.  (Halpern Aff. ¶ 6.)  The restraining notices purported to prohibit Garnishee from transferring property in which Judgment Debtor allegedly has an interest.  (*See* Halpern Aff. Exs. B, C.)  They referred to property held in connection with Garnishee's role as Trustee and Paying Agent under the Indenture as the property to be restrained.  (*Id.* at pp. 1-2.)  A letter from Judgment Creditor to Garnishee dated June 29, 2017 specifically identified the property sought to be restrained as "such funds as may have been transmitted to [Garnishee] in connection with the June 30, 2017 Payment Date otherwise applicable to the Notes." (Halpern Aff. Ex. D.)  As explained below, because Judgment Debtor in fact does not possess any interest in these Funds, the Funds cannot be subject to a restraining notice, and the Restraining Notice issued by Judgment Creditor should be vacated.

## ARGUMENT

The Restraining Notice has no proper basis and should be vacated.  Property held by a garnishee can be subject to attachment pursuant to a restraining notice under § 5222(b) "only if, at the time of service, [the garnishee] owes a debt to the judgment debtor or … is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest…."  *Verizon New England, Inc. v. Transcom Enhanced Servs., Inc.*, 21 N.Y.3d 66, 71 (2013) .  Neither basis for the service of the Restraining Notice on Garnishee exists here.  First, it is undisputed that Garnishee owes no debt to Judgment Debtor.  Indeed, the opposite is the case: Judgment Debtor, under the Indenture, owed a debt of payment of principal and interest to Garnishee and the Holder.  There is no conceivable

---

Notice was subsequently re-issued to Garnishee and received by Garnishee on June 29, 2017, as described above. To the extent that the Law Debenture Restraining Notice is still effective, and has not been superseded by Garnishee's receipt of the re-issued restraining notice, this brief treats both as a single restraining notice.

1990151.4

argument to be made that the Funds represent a debt owed by Garnishee to Judgment Debtor, and it is not our understanding that Judgment Creditor is asserting such a theory as the basis for its Restraining Notice.  Second, it is equally clear that because the Funds are held by Garnishee in trust for itself and the Holder as explicitly provided in the Indenture, Judgment Debtor has retained no interest in the funds that it has paid to Garnishee.  New York law is clear that "a [judgment creditor] cannot reach assets in which the judgment debtor has no interest." *Kahara Bodas Co., L.L.C. v. Perusahaan Pertambangan Minkyak Dan Gas Bumi Negara*, 313 F.3d 70, 83 (2d Cir. 2002) (internal quotations and alterations omitted); *see Verizon*, 21 N.Y.3d at 71 (affirming order vacating restraining notice, holding that respondent was not subject to restraining notice because "it neither owed any debt, nor possessed any property of, [the judgment debtor]'s that could be subject to a restraining notice"); *Lang v. State*, 258 A.D.2d 165, 171, 696 N.Y.S.2d 3 (1st Dep't 1999) ("fact that [judgment debtor] retained no interest in the escrowed funds is *fatal*") (emphasis added).

The Indenture contains multiple clauses that provide – clearly and unequivocally – that Judgment Debtor retains no interest in the Funds once they are paid to Garnishee.  Specifically, Section 3.1(b) states that payments of principal and interest made by Judgment Debtor:

> shall be held by [Garnishee] ***in trust for itself and the Holders of Securities*** in accordance with ***their respective interests*** to be applied by the [Garnishee] to payments due under the Securities and this Indenture….

(Indenture 3.1(b) (emphasis added).)  Section 5.5 similarly makes clear that:

> [a]ll monies received by the [Garnishee] shall, until used or applied as herein provided, be ***held in trust for itself and the Holders*** in accordance with ***their respective interests***….

(Indenture 5.5 (emphasis added).)  Finally, Section 3.5(a) underscores that, pending Garnishee's distribution of payments due under the Indenture:

1990151.4

> such amounts shall be ***held in trust by the [Garnishee] for the exclusive benefit of the [Garnishee] and the Holders*** entitled thereto in accordance with their respective interests and ***the [Judgment Debtor] shall have no interest whatsoever in such amounts***.

(Indenture 3.5(a) (emphasis added).)

It is difficult to conceive of language that could more clearly emphasize that only Garnishee and the Holder – ***not Judgment Debtor*** – have an interest in the Funds once they are paid to Garnishee.  Based on the plain language of the Indenture, which delineates and governs the rights and interests of the parties under that instrument, there is no basis for restraining these Funds, and Judgment Creditor's Restraining Notice should be vacated.  When, as here, funds are not subject to attachment, the law is clear that the restraining notice should be vacated under CPLR § 5240.  *See, e.g.*, *Export-Import Bank of the Republic of China v. Grenada*, 768 F.3d 75, 93 (2d Cir. 2014) (affirming vacation of restraining notices because they were not properly subject to attachment); *Tage Designs, Inc. v. Grant*, 259 N.Y.S.2d 934, 936 (Sup Ct. 1965) (vacating restraining notice where judgment debtor had no interest in rents received by garnishee pursuant to mortgage agreement); *Assocs. Discount Corp. v. Island Fed. Sav. & Loan Ass'n*, 304 N.Y.S.2d 205 (Sup. Ct. 1969) (vacating restraining notice due to insufficient evidence of judgment debtor's interest); *Save Way Oil Co., Inc. v. 284 Eastern Pkwy. Corp.*, 453 N.Y.S.2d 554, 556 (Civ. Ct. 1982) (same).

Judgment Creditor was awarded a substantial judgment against Judgment Debtor and is understandably eager to collect on its judgment.  Such eagerness, however, cannot legitimate a legally invalid Restraining Notice, which Judgment Creditor should not have issued.  Nor does Judgment Creditor's eagerness to collect on its judgment justify the prejudice that will result if this improper Restraining Notice is kept in place, thereby preventing payment of substantial

amounts of principal and interest to the Holder.  Pursuant to the express terms of the Indenture, the Holder expects that the Funds will be paid according to schedule, without interference in the form of a bogus, baseless restraining notice.  As Judgment Creditor is aware, prejudice will result from each day that payment is unnecessarily delayed as the result of the pendency of Judgment Creditor's Restraining Notice.  In order to avoid, or at least reduce, such prejudice, we respectfully request the prompt adjudication of this matter.

## CONCLUSION

For all of the foregoing reasons, Garnishee respectfully requests that the Court grant its motion for a Protective Order pursuant to CPLR § 5240 vacating the Restraining Notice.

1990151.4

Dated: New York, New York
July 5, 2017

        BRYAN CAVE LLP

        By: _____
           Stephanie Wickouski
           Howard M. Rogatnick
           Laith J. Hamdan
        1290 Avenue of the Americas
        New York, NY  10104-3300
        Telephone: (212) 541-2000
        *Attorneys for Delaware Trust Company, as Trustee*

1990151.4