

Charles R. Jacob III
cjacob@goulstonstorrs.com
(212) 878-5143 Tel

February 10, 2020

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Hon. Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>  Re:   Commissions Import Export S.A. ("Petitioner") v.
>         Republic of the Congo ("Republic"), *et ano.*,
>         1:19-mc-00195 (KPF); Commissions Import Export S.A. v.
>         Republic of the Congo, *et ano.*, 1:14-mc-00187 (AJN)

Dear Judges Failla and Nathan:

We represent Petitioner and submit this letter in response to the Orders to Show Cause entered by each of Your Honors on January 28, 2020 (Doc. 49 in 1:19-mc-00195 and Doc. No. 15 in 1:14-mc-00187, respectively) in the cases referenced above.

### 1. Currency Conversion of a Judgment Is Properly Done in the District Court in Which the Judgment Is Registered

The first question Your Honors presented is why the October 9, 2013 judgment (the "2013 Judgment"), which was entered by the United States District Court for the District of Columbia ("D.D.C.") in 13 Civ. 713 (RLW) there, and which was registered in this District in No. 1:14-mc-00187 (the "2014 S.D.N.Y. Judgment"), should be amended from Euros to United States Dollars in No. 1:14-mc-00187 rather than in the D.D.C.

The answer begins with the point that currency conversion of a judgment is one aspect of enforcement of a judgment, and enforcement of a judgment proceeds according to state law. Fed. R. Civ. P. 69 (a)(1) provides that: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state* where the court is located ..." (emphasis added).

Here, Petitioner necessarily is conducting proceedings "on execution ... and ... supplementary to and in aid of" its judgment in the State of New York, and in the Southern District of New York, because that is where an asset of the Republic has been located. (The

Hon. Katherine Polk Failla
Hon. Alison J. Nathan
February 10, 2020
Page 2

---

Republic now purports to dispute that the condominium unit at Trump International Tower in Manhattan, which is the subject of the current enforcement proceeding, is the Republic's property or the proceeds of a fraudulent transfer by the Republic to Ecree LLC, but that is a separate issue – and one as to which the Republic and Ecree LLC have defaulted.) It is not disputed that the subject condominium unit in Manhattan is real property and, as such, uniquely located in New York and the Southern District.

Under New York law, conversion of the 2014 S.D.N.Y. Judgment from Euros to Dollars is mandated by New York Judiciary Law ("NYJL") § 27(b), which provides:

> In any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. *Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree.* [Emphasis added.]

This requirement of conversion into United States Dollars was *not* applicable in the District of Columbia, which offers the judgment debtor the option of paying the judgment in either the foreign currency or United States Dollars:

> (a) Except as provided in subsection (c) of this section, a judgment or award on a foreign-money claim must be stated in an amount of the money of the claim.
>
> (b) A judgment or award on a foreign-money claim *is payable in that foreign money or, at the option of the debtor, in the amount of United States dollars* which will purchase that foreign money on the conversion date at a bank-offered spot rate.
>
> (c) Assessed costs must be entered in United States dollars.

Code of the District of Columbia, § 15-906 (emphasis added). In entering the 2013 Judgment, Judge Wilkins did not convert it into United States Dollars (although he assessed costs in Dollars consistent with subsection (c), above), because he had no need to under local law, as the Republic had the option of paying that judgment in Euros or Dollars. (Of course, the Republic refused to pay the 2013 Judgment in either Euros or Dollars.[1])

Now, with Petitioner having registered the 2013 Judgment here, Your Honors have before you a new judgment "entitled to the same protection" as the original judgment; the Court is "empowered to take any action to protect the judgment … that [the original court] could have taken;" and Petitioner "d[oes] not need to return to [the original court] in order to protect and

---

[1] As Judge Failla is aware, but Judge Nathan may not be, the Republic is in continuing contempt of court in the D.D.C., with contempt sanctions accruing against the Republic at the rate of $80,000 per week, for the Republic's refusal to comply with discovery orders of the D.D.C in aid of enforcement of Petitioner's judgments in the D.D.C. Doc. 84, 13-cv-713-RJL (D.D.C.).

Hon. Katherine Polk Failla
Hon. Alison J. Nathan
February 10, 2020
Page 3

---

enforce the judgment." *Karaha Bodas Co., L.L.C. v Perusahaan Pertambangan Minkak Dan Gas Bumi Negara*, 500 F.3d 111, 121 (2nd Cir. 2007) (petitioner that registered judgment from the S.D. Texas in the S.D.N.Y. did not need to return to Texas to seek relief pertaining to enforcement of judgment). As the Fifth Circuit has put it:

> We simply cannot read the plain language of § 1963 [28 U.S.C. § 1963, the registration statute] – "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner" – any way other than as equating registration with a new judgment-on-judgment, at least for purposes of enforcement within the district of registration.

*Home Port Rentals, Inc. v. Int'l Yachting Group*, 252 F.3d 399, 408 (5th Cir. 2001). Thus, "registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." *Brown v. Brockett*, 2018 WL 3625341 at *2 (E.D.N.Y. July 6, 2018), *quoting Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965). Applying NYJL § 27(b) to convert currencies is one aspect of judgment enforcement in this Court. *See CRG Finance AG v. Prime Sun Power, Inc.*, 2014 WL 3398373, at *2 (S.D.N.Y. July 8, 2014) (applying NYJL § 27(b) to determine amount of judgment in dollars); *Rienzi & Sons, Inc. v. Puglisi*, 638 Fed. Appx. 87, 92 (2d Cir. 2016) (summary order) (same).

In contrast, going back to Judge Wilkins' successor (Judge Wilkins now sits on the D.C. Circuit bench) for the currency conversion would be akin to putting a square peg in a round hole, or at least to requesting an advisory opinion. Under District of Columbia law, there is no need for the currency conversion, so it is not appropriate to ask a judge sitting in the D.D.C. to perform or approve that currency conversion. It should be done here, where the subject real property is located and the New York statute is mandatory. Proceeding otherwise would be grossly inefficient as well as contrary to the authorities cited above.

### 2. Reasonable Time Determinations Under 28 U.S.C. § 1610(c) Are Also Properly Done in the Court in Which a Judgment Is Registered

The second question Your Honors presented is why the determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed following the entry of the August 26, 2015 judgment (the "2015 Judgment) in the D.D.C. in 12 Civ. 743 (RCL) there, which was registered in this District in No. 17-mc-175 (the "2017 Judgment"), such that Petitioner may proceed with attachment and execution, should be made here rather than in the D.D.C.

The answer to this question is based on the same principles as the answer to the first question, above. Indeed, the outcome is even clearer under those principles *a fortiori*, since § 1610(c) determinations are often made in conjunction with a first effort at attaching or executing on a specific asset located in a specific District. Thus, in *Levin v. Bank of New York*, 2011 WL 812032 (S.D.N.Y. March 4, 2011), this court recited as an unremarkable fact that the judgment creditors, much as Petitioner here started in the D.D.C.:

> obtained a judgment in the U.S. District Court for the District of Columbia against [the foreign sovereign] .... The ... Judgment Creditors *registered their judgment in the Southern District of New York* on December 1, 2008, and on December 14, 2009, obtained an order *from this Court* (Jones, J.), *pursuant to 28 U.S.C. § 1610(c)* permitting them to obtain writs of execution to levy against property of [the foreign sovereign] held by Citibank and JP Morgan Chase *in this District*.

2011 WL 812032 at *3 (emphasis added). To like effect is *Harrison v. Republic of Sudan*, 2013 WL 3815660 (N.D. Cal. July 22, 2013), in which the plaintiffs/judgment creditors also first obtained a judgment in the D.D.C.[2] The judgment creditors then registered their judgment in a District where they believed the foreign sovereign to have assets – in that case, the Northern District of California. They requested the district court there to make the § 1610(c) "reasonable time" determination. *Id.* at *3. A magistrate judge did so, and the district judge adopted that recommendation. *Id.* at *4. The authority of the court in the registration-judgment district to make the § 1610(c) "reasonable time" recommendation was not questioned.

We have found no authority in which a request for a § 1610(c) "reasonable time" determination was made in a registration-judgment District and denied on the ground that it should have been made in the District of the original judgment. We submit that this is because, under the broader principles discussed in *Karaha Bodas*, *Home Port Rentals* and *Brown v. Brockett, supra*, it is the registration-judgment district court that not only can but should make the "reasonable time" determination, since it concerns the specific time of commencing enforcement against specific assets in that District; and, in the Second Circuit's words, a registration judgment creditor "d[oes] not need to return to [the original court] in order to protect and enforce the judgment." *Karaha Bodas, supra*, 500 F.3d at 121.

Finally, we are constrained to observe that the "reasonable time" determination is not a close call here. The purpose of § 1610(c) is to give a foreign sovereign a reasonable but relatively brief time to act in response to the judgment (for example, to pass legislation to authorize the payment of the judgment). H.R. REP. NO. 94-1487 at 30 (1976). This is typically construed as, at most, a few months:

> Though the FSIA does not provide any guidelines for determining the period of time that is reasonable, ... federal courts have found periods of *several months* to be sufficient under the FSIA. *See Ned's Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F.Supp.2d 64, 67 (D.D.C. 2001) (determining that *six weeks* was reasonable and collecting cases in which "other courts have found periods such as *two or three months* sufficient to satisfy section 1610(c)'s requirements"); ... *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F.Supp. 483, 486 (S.D.N.Y. 1988) (concluding *that two months* was a reasonable period of time)."

---

[2] Unlike in *Harrison*, in which the D.D.C. judgment was a default judgment, the judgment Petitioner obtained against the Republic in 12 Civ. 743 (RCL) was fully litigated.

Hon. Katherine Polk Failla
Hon. Alison J. Nathan
February 10, 2020
Page 5

---

*Harrison, supra*, 2013 WL 3815660 at *4 (emphasis added; some citations omitted) (finding that "14 months … is an ample amount of time under § 1610(c)").

Here, it has been four and half years since the 2015 Judgment was entered (and two and a half years since the 2017 Judgment was registered) -- and the matter was fully litigated in the D.D.C. so there is no element of surprise to the Republic. It would be not only unnecessary and inefficient, but unfair in terms of undue delay, to force Petitioner to return to the D.D.C for the easy "reasonable time" determination that this Court can and should make.

Respectfully submitted,

*/s/ Charles R. Jacob III*

Charles R. Jacob III

cc: All Counsel via ECF