USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Commissions Import Export S.A.,

                Plaintiff,

–v–

Republic of the Congo,

                Defendant.

14-mc-187 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

    Petitioner-plaintiff Commissioners Import Export S.A. (the Company) has registered a judgment in this District, and now seeks to convert that judgment from Euros to United States Dollars. For the reasons that follow, the Company's motion is GRANTED.

## I.    BACKGROUND

    The D.C. Circuit has recounted the facts underlying this litigation. *See Commissions Imp. Exp. S.A. v. Republic of the Congo*, 757 F.3d 321 (D.C. Cir. 2014). In the 1980s, plaintiff-petitioner Commissions Import Export S.A. "entered into contracts with the Republic of Congo to perform public works and supply materials." *Id.* at 324. The relationship eventually collapsed, and in the 1990s Congo "failed to pay the promised amounts as they came due." *Id.* at 325. The Company therefore sought monetary relief before the International Court of Arbitration, and it "prevailed in 2000 in an arbitration in Paris, France against the Republic of the Congo." *Id.* at 323, 325. Since that time, "the Company [has] sought with little success to collect on the arbitral award." *Id.* at 323.

1

This case is the latest saga of that quest.  In 2013, the Company moved to confirm its arbitration award in the District Court for the District of Columbia.  *See Commissions Import Export S.A. v. Republic of the Congo*, Dkt. No. 1, D.D.C. No. 13-cv-713 (RJL).  On October 9, 2013, Judge Robert Wilkins confirmed the arbitral award and entered judgment against the Republic of the Congo for more than five-hundred-million euros.  *See* Dkt. No. 1 at 3.  The judgment also entitles the Company to "post-judgment interest at the statutory rate, from the date of this Judgment until the date of full payment."  *Id.*  Congo has not satisfied that judgment; it remains in civil contempt to this day.  *See* D.D.C. Dkt. No. 84.

About one year later, the Company registered this judgment in the Southern District of New York.  Dkt. No. 1.  And six years after that, in 2020, the Company moved to convert the judgement from Euros to U.S. Dollars.  Dkt. No. 10.  This motion is now before the Court.

## II.    THE COMPANY'S MOTION IS GRANTED

The Company asks the Court to convert the October 9, 2013 judgment from Euros to U.S. Dollars at the currency conversion rate applicable on the date of issuance, and pursuant to 28 U.S.C. § 1961, adding applicable post-judgment interest.

Federal Rule of Civil Procedure 69(a) provides that "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  New York law therefore governs this inquiry.  And New York Judiciary Law § 27(b) provides:

> In any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree.

New York Judiciary Law § 27(b).  Courts in this District routinely apply this provision when analyzing requests pertaining to judgments.  *See, e.g.*, *CRG Finance AG v. Prime Sun Power, Inc.*, No. 14-cv-2395 (GHW), 2014 WL 3398373, at *2 n.1 (S.D.N.Y. July 8, 2014).

As to the Company's request for conversion, New York law is clear: the "judgment . . . *shall be converted* into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree."  N.Y. Jud. Law § 27(b) (emphasis added).  Unlike statutes governing judgments in other jurisdictions, *see, e.g.*, Code of the District of Columbia § 15-906, New York leaves the Court with no discretion as to conversion.  The Court must therefore convert the October 9, 2013 judgment from Euros to United States Dollars.  The applicable conversion rate is the rate of exchange on the date the judgment was issued.  Federal law also entitles the Company to interest on this judgment.  *See* 28 U.S.C. § 1961.

### III.   CONCLUSION

For the reasons stated above, the Court GRANTS Commission Import Export S.A.'s motion to alter or amend the October 9, 2013 judgment, as registered in this Court on June 18, 2014.  The Court CONVERTS the judgment and ORDERS interest by separate order.

SO ORDERED.

Dated: July 17, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge