UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A.,<br><br>                        Plaintiff,<br><br>    v.<br><br>REPUBLIC OF THE CONGO,<br><br>                        Defendant. | **No. 14-mc-187-AJN** |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY ECREE LLC'S
<u>MOTION TO QUASH SUBPOENA</u>**

Nixon Peabody LLP<br>
Daniel A. Schnapp<br>
55 West 46th Street<br>
New York, NY 10036<br>
(212) 940-3000<br>
dschnapp@nixonpeabody.com

**PRELIMINARY STATEMENT**

Non-Party Ecree LLC ("Ecree") respectfully submits this Memorandum of Law in support of its Motion to Quash the Subpoena ("Subpoena") (Exhibit 1) issued by Plaintiff, Commissions Import Export S.A. ("Plaintiff") in this action on July 16, 2021, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.

Plaintiff's Subpoena is a clear attempt at using the instant action – a matter to which Ecree is not a party – to circumvent the discovery rules and procedures of a separate action to which Ecree is a party. In doing so, Plaintiff is attempting to use this Court's resources in order to obtain documents and avoid litigating issues related to relevancy instead of complying with the discovery process and litigating any relevancy issues before the Court in the parallel litigation.

Thus, Plaintiff's Subpoena should be quashed because it requests documents that will be duplicative and cumulative of the discovery that will likely be sought in the parallel litigation. Second, Plaintiff's requests for documents in the Subpoena are not relevant to Plaintiff's claims in the action or proportional to the needs of this case as Ecree is not a party in this action and the contractual disputes between Plaintiff and Defendant, the Republic of Congo ("ROC"), do not concern Ecree whatsoever.

For the reasons set forth below, non-party Ecree respectfully requests that this Court quash the Subpoena.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ecree is not a party to this action and was not a party to the prior lengthy litigation between Plaintiff and Defendant ROC. In 2019, however, Plaintiff attempted to bring Ecree into the years-long dispute between Plaintiff and ROC by filing a petition to turnover property against ROC and

Ecree in a separate action. *See Commissions Import Export S.A. v. Republic of the Congo et al.*, 19-mc-00195-KPF (S.D.N.Y.) at Dkt. 1 (Exhibit 2). In that separate action, which is ongoing and before Judge Failla in the Southern District of New York, Plaintiff has sought the turnover of a condominium unit owned by Ecree ("the Condominium") in order to satisfy Plaintiff's judgment against ROC. *Id.* at Dkt. 1.

As this Court is aware, Plaintiff's judgment against Ecree stems from a decades-old arbitration award on a debt owed to Plaintiff by ROC. ROC's debt arises from development projects undertaken by Plaintiff in the ROC throughout the 1990s that remain unpaid. Plaintiff, a construction company owned by Mohsan Hajiej, the brother of U.S.-designated terrorist financer Kassim Hajiej, obtained a judgment against ROC, awarded by the District Court for the District of Columbia in the amount of $771,060,106 (as of June 28, 2017), on October 9, 2013. Plaintiff then registered this judgment in this Court on June 18, 2014. *See* Dkt. 1 (Exhibit 3).

Plaintiff thereafter was awarded a second judgment by the U.S. District Court for the District of Columbia in the amount of $189,781,887 (as of July 31, 2015). Plaintiff registered the second judgment in this district on May 26, 2017 under Case No. 17-mc-0175 ("Second Judgment").

Having failed to collect on these substantial judgments in the several years following the award, Plaintiff aggressively pursued other means to collect on the judgments. Plaintiff's latest attempt to collect on the judgments is its petition to turnover property, in which Plaintiff relied upon unsubstantiated allegations founds in an online activist organization article. *Id.* at Dkt. 1. The parties in the turnover of property matter, however, are still in the initial stages of litigation and discovery has not yet commenced. Indeed, Ecree has not yet responded to the petition in that matter. *Id*. at Dkts. 65-69, 92.

Nevertheless, on July 16, 2021, Plaintiff provided undersigned counsel with a Notice and copy of a subpoena that it had issued to non-party Ecree pursuant to Federal Rules of Civil Procedure Rule 45. The subpoena included extensive document requests related to Ecree, including requests for payment records, email communications, and bank and wire transfer documentation regarding Ecree's purchase of the Condo as well as documents and communications with ROC and the President of ROC's daughter. The subpoena included a request for documents related to a declaration made by the owner of Ecree that was submitted in the parallel litigation. These requests appear to be directly related to the matter before Judge Failla.

## LEGAL STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash a subpoena that, among other things, fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed.R.Civ.P.45(d)(3)(A)(i), (iii), and (iv). The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena. *Id* at (c)(1).

Subpoenas issued under Rule 45 are subject to the relevancy requirements provided for in Rule 26(b)(1), which tailors the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). This Court has made clear that parties may not use Rule 45 subpoenas as a means "to provide an end-run around the regular discovery process under Rules 26 and 34." *See Burns v. Bank of America*, 2007 WL 1589437, *14 (S.D.N.Y. June 4, 2007).

## ARGUMENT

The Subpoena at issue here is a clear attempt by Plaintiff to contravene the discovery procedures in the ongoing proceeding before Judge Failla. Plaintiff seeks discovery that goes to

the merits of the case in the parallel litigation because discovery in that matter has yet to commence. Because the Plaintiff's discovery requests will be litigated before Judge Failla, the information sought from Ecree under the Subpoena will be cumulative and duplicative of the discovery before Judge Failla. Further, the information and documents sought under the Subpoena are not relevant or proportional to Plaintiff's claims or needs of this case.

### A. The documents sought under Plaintiff's Subpoena will be duplicative and cumulative of the discovery in the parallel litigation.

Discovery has not yet commenced in the parallel litigation before Judge Failla, yet Plaintiff has aggressively pursued strategies to jumpstart the discovery process in that matter. Plaintiff's Subpoena in this action is Plaintiff's latest attempt to obtain this discovery prematurely. Plaintiff's Subpoena, however, should be quashed as Plaintiff's requests for documents under the Subpoena will be cumulative and duplicative of the discovery sought in the parallel litigation.

The documents Plaintiff requests in the Subpoena are reflective of the issues Plaintiff has raised in the parallel litigation. By subpoenaing documents that Plaintiff will likely rely upon or seek in the parallel litigation, Plaintiff has created a risk of inconsistent rulings between the instant matter and the matter before Judge Failla. Indeed, the requests in Plaintiff's Subpoena go to the very heart of what is at issue in the other matter, specifically, Plaintiff's allegation that ROC transferred illicit funds to Ecree that Ecree eventually used to purchase the Condominium, and that the Condominium was purchased for the benefit of Claudia Sassou-Nguesso, the daughter of the President of ROC. *See* Case No. 19-mc-00195-KPF at Dkt. 1. It would be duplicative to re-litigate these issues before Judge Failla in that matter.

To be sure, this Court, under similar circumstances, has instructed that "courts 'whose only connection with a case is supervision of discovery ancillary to an action in another district' are, however, cautioned to be 'especially hesitant to pass judgment on what constitutes relevant

evidence thereunder.'" *See Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, *3 (S.D.N.Y. Jul. 15, 2020) (*citing In re Honeywell Int'l, Inc. Secs. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. Nov. 18, 2003)). Accordingly, because the documents that Plaintiffs seeks go to the merits of the case before Judge Failla, Plaintiff's Subpoena should be quashed in order to allow Judge Failla to determine issues related to relevancy and admissibility in the matter before her.

### B. The discovery that Plaintiff seeks from Ecree is not relevant to Plaintiff's claims in this action or proportional to the needs of this matter.

The matter before this Court concerns the registration of a foreign judgment entered against ROC related to an underlying contractual dispute between Plaintiff and ROC. Nevertheless, Plaintiff, through its Subpoena to non-party Ecree, requests documents and information related to Ecree's purchase and ownership of a residential condominium that bears no relation to either party in this matter. Plaintiff further requests documentation of Ecree's business records, financial statements, and communications with companies, entities, and other parties unrelated to this matter. None of these documents have any material bearing on the judgment at issue before this Court.

This Court has acknowledged that parties cannot use post-judgment discovery to embark on a "fishing expedition." Yet, this is exactly what Plaintiff has endeavored to do here. *D'Avenza S.P.A. v. Garrick & Co.*, 1998 WL 13844, *3 (S.D.N.Y. Jan. 15, 1998); *see also GMA Accessories, Inc. v. Electric Wonderland, Inc.*, 2012 WL 1933558, *5 (S.D.N.Y. May 22, 2012) (reasoning that "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)[,]" and "post-judgment discovery concerning the assets of a non-party requires 'a somewhat heightened showing of necessity and relevance') (citations omitted). Even if some of the information sought would be relevant in this matter, Plaintiff's requests should be directed at Defendant ROC – a party to this case to which Plaintiff has had "ample opportunity" to serve with

- 6 -

requests. Accordingly, Plaintiff's requests are also not proportional to the needs of this case and its Subpoena must be quashed.

## **CONCLUSION**

Based on the record and for the reasons set forth herein, Ecree respectfully requests that this Court quash the subpoena and grant further relief as this Court deems just and proper.

Date: September 17, 2021

Respectfully Submitted,

/s/ Daniel A. Schnapp
Daniel A. Schnapp
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036-4120
(212) 940-3026
(833) 343-1753 (Facsimile)
dschnapp@nixonpeabody.com