# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| **COMMISSIONS IMPORT EXPORT S.A.** ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 14-mc-00187 |
| ) | |
| **REPUBLIC OF THE CONGO** ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: **ECREE, LLC, #32G, One Central Park West, New York, NY 10023, and
c/o New York Secretary of State, One Commerce Plaza, 99 Washington Ave., Albany, NY 12231**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  The documents set forth on Schedule A.

| Place: **Goulston & Storrs PC**<br>**885 Third Avenue, 18th Floor**<br>**New York, NY 10022** | Date and Time:<br><br>08/19/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/15/2021

*CLERK OF COURT*    OR    [signature]

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-mc-00187

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Plaintiff" means the Plaintiff-Judgment Creditor in this proceeding, Commissions Import Export S.A.

2. "Ecree," "You" or "Your" refers to Ecree LLC and, where applicable so as to be inclusive with respect to Your document production, its members, agents, attorneys, officers, directors, employees, partners, agents or affiliates.

3. "Republic" refers to Defendant-Judgment Debtor Republic of the Congo and, where applicable so as to be inclusive with respect to Your document production, its officials, agents, attorneys, officers, employees, agents or affiliates.

4. "The President's Daughter" refers to Claudia Sassou-Nguesso, daughter of Denis Sassou-Nguesso, president of the Republic.

5. "Trump International Condo Board" refers to The Board of Managers of Trump International Hotel & Tower Condominium, and includes Trump International Management Corp. and any other entity acting as manager, agent or representative of the Trump International Condo Board.

6. "Unit 32G" refers to the condominium known as Unit 32G at One Central Park West, New York, New York.

7. "Sebrit" refers to Sebrit Limited, the entity referred to by Jose Veiga in paragraph 6 of his Declaration dated February 20, 2020.

8. "Costwolds" refers to the entity known as Costwolds Partners and/or Costwolds Partners S.A. that has wired funds for payment of Ecree's obligations with

respect to Unit 32G and was listed as a reference for the President's Daughter in connection with Ecree's purchase of Unit 32G.

9. Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules for the Southern District of New York. Under those definitions, "documents" includes electronically stored information ("ESI"), including e-mails and text messages, and any attachments or enclosures thereto.

10. "All documents" or "documents" means every document, including drafts of documents, within Your custody, possession or control, whether an original or copy, and includes documents within the custody, possession or control of any entity acting as manager or agent for You.

11. "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

12. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any." The use of the term "including" shall be construed to mean "including, but not limited to."

13. "Concerning" means referring to, relating to, describing, evidencing, embodying, or constituting.

14. "Communicate" or "communication" means every disclosure, transfer, exchange or transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether orally or by document or whether face-to-face, by e-mail or text, telephone, telecopier, mail, facsimile, personal delivery, overnight delivery or otherwise.

15. The singular includes the plural and the plural includes the singular. Any pronoun shall include the masculine and feminine.

16. The use of a verb in a tense shall be construed as use of a verb in the past, present, or future tense wherever necessary to bring within the scope of each document request any documents that might otherwise be construed to be outside its scope.

## Instructions

1. In responding to these Requests, furnish all documents in Your possession, custody, or control at the time of production, including documents in the possession, custody or control of Ecree and any entity acting as manager or agent for Ecree, and any individual member or managing member potentially possessing responsive documents, should search for responsive documents.

2. All ESI should be produced in single-page tagged image file format ("TIFF") linked to native file format (e.g., Microsoft Outlook, Excel, and Word files), unless such native format is not readily accessible (e.g., a file format that can be accessed only by proprietary software), with all associated metadata.

3. Each paragraph herein shall be construed independently and without reference to any other paragraph for purposes of limitation.

4. Each request for documents herein seeks production of all documents described, along with any attachments, drafts, non-identical copies and translations thereof, in Your possession, custody or control. Any document with any marks, such as initials, comments or notations of any kind, shall not be deemed to be identical to one without such marks and shall be identified and produced as a separate document.

5.      If feasible, each page or sheet produced shall be marked with a consecutive document control number.

6.      If there are no documents responsive to any paragraph set forth in these requests, a written response so stating shall be provided.

7.      If You claim any form of privilege as a ground for not producing any document, state the following:

    (a)     the date(s) the document was created, sent and received;

    (b)     the name, the present or last known address, the title (or position) and the occupation of those individuals who prepared, produced, or reproduced, or who were recipients of, the document;

    (c)     a description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes);

    (d)     the location of the document;

    (e)     the custodian of the document; and

    (f)     the basis on which such privilege is claimed or on which the document is otherwise withheld.

8.      Each document requested herein is requested to be produced in its entirety without deletions or excisions regardless of whether You consider the entire document to be relevant.

9.      Notwithstanding the assertion of Your objection, any requested document which You object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced, but that portion of the

4

document for which the objection is asserted may be redacted, provided that the above-requested identification is furnished.

10. If any document or portion thereof that was known to exist cannot be produced because it is believed to have been destroyed, or cannot be located, or is otherwise thought to be incapable of being produced or not to exist at present, please separately identify each such document on an itemized list according to the numbered document request to which it is responsive, and set forth all available information about the document or portion thereof, including its form, subject matter, date of preparation, author(s), addressee(s), and recipient(s), and the date and reason for the document's destruction or disappearance, and, if known, the person or entity to whom the document was transferred.

11. Each of these document requests is continuing in nature. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, any additional responsive documents that come within Your possession, custody or control at any time after the date of the initial production shall be produced promptly.

12. Unless otherwise stated in a specific request, all responsive documents are to be produced that were created in, or concern, relate to, or reflect the time period from January 1, 2014 through the present.

### Documents to Be Produced

1. All documents concerning the formation of Ecree in 2014.

2. All documents concerning the ownership of Ecree.

3. All documents, including without limitation all e-mails and texts, concerning or comprising communications with the Trump International Condo Board or

any representative of the Trump International Condo Board in connection with or relating in any manner to Ecree's purchase of Unit 32G in 2014..

4.     All documents, including without limitation all e-mails and texts, concerning or comprising communications with the President's Daughter or any representative of the President's Daughter.

5.     All documents, including without limitation all e-mails and texts, referring or relating to the President's Daughter, including all such documents concerning Ecree listing the President's Daughter as the occupant of Unit 32G in Ecree's 2014 purchase application to the Trump International Condo Board.

6.     All documents concerning the source(s) of the funds used by Ecree to purchase Unit 32G, including without limitation:

    (i)     all notifications concerning any wire transfers or SWIFT transfers;

    (ii)    all checks;

    (iii)   all records from Your bank or other financial accounts, or those of any other entity acting as agent for You, reflecting wire transfers or SWIFT transfers to Ecree or any representative of Ecree, or to the seller of Unit 32G, including without limitation all such records that allow determination of the source of such incoming wire transfers or SWIFT transfers;

    (iv)    all communications with Sebrit;

    (v)     all communications with Costwolds; and

    (vi)    all communications, including emails and texts, with any other person concerning the source(s) of funds to be used by Ecree to purchase Unit 32G.

7. All documents, including without limitation all e-mails and texts, concerning or comprising communications with the Republic or any representative, agent or agency of the Republic.

8. All documents concerning the Republic or any member of the family of the President of the Republic, including but not limited to all documents referring directly or indirectly to the President's Daughter.

9. All documents, including without limitation all e-mails and texts, concerning or comprising communications with Costwolds or any representative, agent or agency of Costwolds, or referring directly or indirectly to Costwolds.

10. All documents, including without limitation all e-mails and texts, concerning or comprising communications with Sebrit or any representative thereof concerning Unit 32G or the President's Daughter.

11. All documents, including without limitation all e-mails and texts, concerning or comprising communications with Mirvux, S.A. or any representative thereof concerning Unit 32G or the President's Daughter.

12. All documents, if any, on which the statement of Jose Veiga in paragraph 8 of his Declaration dated February 20, 2020, that the funds used to purchase Unit 32G "were not the product of illegal or fraudulent transactions" and "were the proceeds of work performed by Sebrit on behalf of its clients pursuant to legitimate contracts," were based or which support Mr. Veiga's statement.

4844-4701-0273, v. 1