UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A.,<br><br>          Plaintiff,<br><br> v.<br><br>REPUBLIC OF THE CONGO,<br><br>          Defendant. | No. 14-mc-187-AJN |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
NON-PARTY ECREE LLC'S MOTION TO QUASH SUBPOENA
AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO COMPEL**

Nixon Peabody LLP
Daniel A. Schnapp
55 West 46th Street
New York, NY 10036
(212) 940-3000
dschnapp@nixonpeabody.com

**PRELIMINARY STATEMENT**

Non-Party Ecree LLC ("Ecree") respectfully submits this Reply Memorandum of Law in further support of its Motion to Quash the Subpoena ("Subpoena") issued by Plaintiff Commissions Import Export S.A. ("Plaintiff") in this action pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure ("FRCP") and in opposition to Plaintiff's Cross-Motion to Compel.

As shown in Ecree's initial moving papers, Plaintiff's Subpoena is a clear attempt to circumvent the discovery process in a related action to which Ecree, Plaintiff, and Defendant Republic of the Congo ("ROC") are all parties.[1]  Further, Plaintiff's Subpoena requests documents that are is irrelevant to the instant case and will be duplicative and cumulative of the discovery that will potentially be adduced in the related action.  Finally, despite Plaintiff's argument to the contrary, Ecree has not waived its objection to the Subpoena pursuant to FRCP 45(d)(2)(B).  Rather, Ecree files this Reply in accordance with this Court's August 23, 2021 Order (Dkt. No. 23) in which this Court contemplated Ecree's Motion to Quash and set a briefing schedule for same.

Accordingly, non-party Ecree respectfully requests that this Court quash the Subpoena and deny Plaintiff's Cross-Motion to Compel.

**ARGUMENT**

As set forth in Plaintiff's initial moving papers, the Subpoena should be quashed pursuant to FRCP 45(d)(3) because: (1) the documents sought pursuant to Plaintiff's Subpoena will be duplicative and cumulative of the discovery in the related action; (2) the discovery that Plaintiff

---

[1] *See Commissions Import Export S.A. v. Republic of the Congo et al.*, 19-mc-00195-KPF (S.D.N.Y.).

seeks from Ecree is not relevant to Plaintiff's claims in this action or proportional to the needs of this action; and (3) Ecree did not waive its objection to the Subpoena.

### A. The Documents Sought Will Be Duplicative and Cumulative of Discovery in the Related Action

As this Court is aware, the parties are engaged in parallel litigation that is ongoing before Judge Failla in the Southern District of New York. In that action, Plaintiff has sought the turnover of a condominium unit owned by Ecree in order to satisfy Plaintiff's judgment against ROC. The parties are still in the initial stages of litigation and discovery has not yet commenced.

The documents requested by Plaintiff in the Subpoena are wholly reflective of the issues raised in the parallel action. In issuing the Subpoena, Plaintiff has created a substantial risk of inconsistent rulings between the instant action and the matter before Judge Failla. This is especially the case in that the documents requested are directly related to the merits of the other matter, namely the allegation that ROC transferred illicit funds to Ecree, which Ecree eventually used to purchase a condominium for the benefit of the President of ROC's daughter.

This Court has made clear that parties may not use FRCP 45 subpoenas as a means "to provide an end-run around the regular discovery process under FRCP 26 and 34." *See Burns v. Bank of America*, 2007 WL 1589437, *14 (S.D.N.Y. 2007). Further, this Court has cautioned that courts should be hesitant to pass judgment on what constitutes relevant evidence. *See Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, *3 (S.D.N.Y. 2020) (*citing In re Honeywell Int'l, Inc. Secs. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003)).[2]

In its opposition, Plaintiff cites to various cases for the proposition that "district courts possess the inherent power to enforce their own judgments." *See* Memorandum in Opposition

---

[2] Plaintiff's attempts to distinguish *Burns*, *Jam Industries*, and *In re Honeywell* do little more than state that the foregoing cases had facts "very specific to that case." *See* Memo in Opp. at p. 14, fn. 8 (Dkt. No. 27).

("Memo in Opp."), Dkt. No. 27 at p. 13.  However, in each case cited by Plaintiff (*Trustees of Northeast Carpenters Health, Pension, Annuity, Apprenticeship and Labor Mgt. Cooperation Funds v. Kane Paint & Plaster Inc.*, 2021 WL 3129936 (E.D.N.Y 2021); *Epperson v. Ent. Express, Inc.*, 242 F.3d 100 (2d Cir. 2001); and *Williams v. Pfeffer*, 117 F.Supp.2d 331 (S.D.N.Y. 2000)), the Court was analyzing whether or not federal jurisdiction was proper in a judgment enforcement matter.  These jurisdictional issues are not relevant to the instant action.

Plaintiff's reliance on *In re Refco, Inc.*, 2006 WL 1379616 (S.D.N.Y 2006) is also entirely misplaced.  *In re Refco* does not deal with a non-party subpoena pursuant to FRCP 45 and further does concern post-judgment discovery procedures.  Further, while the Court in *In re Refco* rejected an argument that having "two judges making discovery determinations is inefficient and could lead to inconsistent results," it did so because the case dealt with both a bankruptcy and civil proceeding.  Because two different sets of discovery rules would apply, the Court acknowledged that "little is gained by having one judge decide all discovery issues for both proceedings under both sets of rules" and that it would be more efficient "to allow the bankruptcy judge to apply the rules of bankruptcy discovery in the bankruptcy proceeding and to allow this Court to apply the rules of civil discovery in the civil proceeding." *In re Refco*, 2006 WL 1379616, at *3.  This analysis has absolutely no bearing to the case at hand because only one set of discovery rules applies here. The relevancy requirements and other limitations on discovery contemplated under FRCP 26 that apply to Plaintiff's Subpoena at issue here will also apply to any discovery requests it may make in the matter pending before Judge Failla.

Based on the above as well as the arguments outlined in Ecree's initial moving papers, the documents sought pursuant to Plaintiff's Subpoena will be duplicative and cumulative of the discovery in the related action and as such, the Subpoena should be quashed.

**B. The Discovery That Plaintiff Seeks from Ecree is Neither Relevant to Plaintiff's Claims in this Action nor Proportional to the Needs of this Matter**

While Plaintiff cites to various cases outlining post-judgment discovery generally, the discovery sought by Plaintiff in the Subpoena is entirely irrelevant to the instant action.

Subpoenas issued pursuant to FRCP 45 are subject to the relevancy requirements provided for in FRCP 26(b)(1), which tailors the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

The matter before this Court is, simply, the registration of a foreign judgment against ROC related to an underlying contractual dispute between Plaintiff and ROC. The Subpoena's requests go well beyond the scope of the matters before this Court, including, *inter alia*, documentation of Ecree's business records, financial statements, and communications with companies, entities, and other parties unrelated to this matter. None of these documents have any material bearing on the judgment at issue before this Court.

This Court has acknowledged that parties cannot use post-judgment discovery to embark on a "fishing expedition." *See D'Avenza S.P.A. v. Garrick & Co*., 1998 WL 13844, *3 (S.D.N.Y. Jan. 15, 1998); *see also GMA Accessories, Inc. v. Electric Wonderland, Inc*., 2012 WL 1933558, *5 (S.D.N.Y. May 22, 2012). Yet, this is exactly what Plaintiff has endeavored to do here.

Plaintiff's reliance on *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014) is misplaced. In *Republic of Argentina*, the Court assumed, **without deciding**, that in the ordinary case, a district court would have the discretion under FRCP 69(a)(2) to permit discovery of third-party information bearing on a judgment debtor's extraterritorial assets. *Id.* at 139. However, the Court in *Republic of Argentina* held that no provision in the Foreign Sovereign Immunities Act immunizes a foreign-sovereign judgment debtor from post-judgment discovery. *Id.* Of course,

- 4 -

such a holding has no bearing on the case at hand as Ecree is a U.S. company and has not argued against that point.

Plaintiff's citations to *Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC,* 2021 WL 621226 (S.D.N.Y. 2021) and *Vasquez v. Ranieri Chees Corp.*, 2013 WL 101579 (S.D.N.Y. 2013) are also distinguishable. In both cases, the Courts permitted non-party discovery regarding the potential concealment of assets of the judgment debtor only after determining that there was a significant connection between the judgment debtor and the non-party. Additionally, the Courts in *Phoenix Bulk* and *Vasquez* permitted discovery based on the Courts' finding that there was ample evidence that a fraudulent transfer and/or concealment of assets potentially occurred. *See generally Phoenix Bulk*, 2021 WL 621226; *see also generally Vasquezi*, 2013 WL 101579.

Here, Plaintiff's allegation that a fraudulent transfer occurred is what is at the heart of the matter before Judge Failla and it is an allegation that Ecree has vigorously contested. Moreover, Plaintiff's claims are based entirely on sweeping allegations against ROC's President made by an activist news organization. Plaintiff further relies on a civil forfeiture matter pending in the Southern District of Florida that involves the use of real property in Miami by the President of ROC and his family. *United States of America v. Real Property Located at 900 Biscayne Boulevard, Unit #6107, Miami, FL 33132,* 1:20-cv-22427-MGC (S.D. Fla.). Ecree is not a party to the Southern District of Florida matter and is not involved in any way with the proceedings in that action. Indeed, Plaintiff's allegations have absolutely nothing to do with Ecree and Plaintiff has not provided a sufficient nexus to permit discovery as requested in the Subpoena.

Accordingly, Plaintiff's requests are not relevant to the instant action and not proportional to the needs of this case. Plaintiff's Subpoena must be quashed.

### C. Ecree Did Not Waive its Objection to the Subpoena

Ecree has not waived its opportunity to object to the Subpoena. As Plaintiff notes in its opposition, while the failure to serve written objections to a subpoena may constitute a waiver, it does not constitute a waiver when: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena. *See Sines v. Yiannopoulos*, 2020 WL 6058279, at *4 (S.D.N.Y. 2020); *see also Concord Boat Corp. v. Brunswick Corp.* 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

First, as set forth in Ecree's initial moving papers, the Subpoena is overbroad and exceeds the bounds of fair discovery. Second, Ecree is not acting in bad faith. Ecree is prepared to engage in the discovery process in the matter pending before Judge Failla should such discovery ensue, but the parties are not yet at that stage.

Similarly, Ecree is also prepared to vigorously defend itself against Plaintiff's baseless allegations in the parallel matter at the appropriate time. Further, Ecree has done nothing in the instant case that can be viewed as dilatory. *See Sines*, 2020 WL 6058279, at *4. Ecree raised its position regarding the Subpoena in a letter to both the Court and Plaintiff's counsel prior to filing its Motion to Quash, and this letter was filed on or before the Subpoena's return date. *See* Dkt. No. 21, Exh. 1. In fact, the Court's August 23, 2021 Order (Dkt. No. 23) contemplated Ecree's Motion to Quash and set a briefing schedule for same.

As a result, Ecree has not waived its objection to the Subpoena.

## **CONCLUSION**

Based on the record and for the reasons set forth herein, Ecree respectfully requests that this Court quash the Subpoena, deny Plaintiff's Cross-Motion to Compel, and grant further relief as this Court deems just and proper.

Date: October 8, 2021                                          Respectfully Submitted,

/s/ Daniel A. Schnapp
Daniel A. Schnapp
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036-4120
(212) 940-3026
(833) 343-1753 (Facsimile)
dschnapp@nixonpeabody.com